**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leddrew Lee SNIDER a/k/a "Buck" Snider, Defendant-Appellant.**

No. 74–1916

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1974.

Rehearing Denied Sept. 20, 1974.

J. Q. Warnick, Jr., Lubbock, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Robert B. Wilson, Bob D. Slough, Asst. U. S. Attys., Lubbock, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Leddrew Lee Snider here appeals from his conviction after waiving trial by jury on a three-count indictment charging him with obstruction of correspondence, theft, and forging an endorsement on a United States Treasury check, violations of Title 18, United States

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Code, Sections 1702, 1708, and 495 respectively. Although presented as three issues, the appellant's sole argument is that a handwriting exemplar, which he voluntarily completed for two officers investigating the check forgery, was admitted at trial in violation of his Sixth Amendment right to counsel, since counsel was not made available to him at the time the writing sample was taken. Failure to provide access to counsel here, Snider maintains, runs afoul of the doctrine outlined in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct.1951, 18 L.Ed.2d 1178, that "an accused is entitled to counsel at any critical stage of the prosecution", and that evidence obtained at such a "critical stage" without the presence and assistance of counsel may not be admitted at trial. See Simmons v. United States, 1968, 390 U.S. 377, 382–383, 88 S.Ct. 967, 970, 19 L. Ed.2d 1247, 1252.

■■ The appellant's struggle to fit his pre-arraignment confrontation within the *Wade-Gilbert* exclusionary rule is thwarted by the Supreme Court's decision in Kirby v. Illinois, 1972, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, and this Court's holding in United States v. Ryan, 5 Cir. 1973, 478 F.2d 1008. *Kirby* instructs that "a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him".[1] 406 U.S. at 688, 92 S.Ct. 1881, 32 L.Ed.2d at 417. Here, the handwriting exemplar was taken before Snider was even arrested. Yet since he was under suspicion, the appellant argues, this was nonetheless a "critical stage of the prosecution". We

cannot agree. It is apparent from *Ryan*, in which we upheld the admission at trial of a post-arrest voice identification, that prearraignment confrontations involving physical exemplars "are not 'critical stages' of the prosecution at which the presence of counsel is constitutionally required". 478 F.2d at 1014.

The conviction appealed from is

Affirmed.

---

1. This is not to say, of course, that to safeguard an accused's right against self-incrimination under the Fifth Amendment, a right to counsel may not attach immediately upon arrest. See Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. But *Miranda* protects the accused only against compulsory self-incrimination as a result of in-custody interrogation. Handwriting is an "identifying physical characteristic"; the taking of an exemplar is not interrogation and is patently without *Miranda's* ambit. Gilbert v. California, 1967, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 1953, 18 L.Ed. 2d 1178, 1183; see Kirby v. Illinois, 1972, 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411, 416–417; United States v. Ryan, 5 Cir. 1973, 478 F.2d 1008, 1112. Thus, no Fifth Amendment rights are at issue here.